J-S14024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT FENNELL | : | |
| | : | |
| Appellant | : | No. 987 WDA 2021 |

Appeal from the PCRA Order Entered August 9, 2021
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0001935-2009

BEFORE:   McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McCAFFERY, J.: **FILED:  August 5, 2022**

Robert Fennell (Appellant) appeals, *pro se*, from the order entered in the Cambria County Court of Common Pleas, dismissing his serial petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA")[1] as untimely filed.  Appellant seeks relief from the judgment of sentence of an aggregate imprisonment term of ten years, 29 days to 20 years, one month, and 29 days imposed on **August 10, 2010**, following his convictions of two counts of aggravated assault and one count each of simple assault by a prisoner, resisting arrest, and recklessly endangering another person (REAP).[2]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 2702(a)(2), (3), 2701(a)(1), 2703(a), 5104, and 2705.

On appeal, he asserts the PCRA court erred in dismissing the petition because: (1) Appellant raised a viable ineffective assistance claim that PCRA counsel testified falsely at a hearing addressing counsel's motion to withdraw; and (2) PCRA counsel failed to allege that prior counsel was ineffective for failing to file a proper motion to withdraw as counsel. For the reasons discussed below, we affirm.

The parties are very aware of the facts concerning Appellant's convictions, direct appeal, and protracted post-conviction proceedings and we need not reiterate them in detail herein. Briefly, in 2009, Appellant, while a prisoner at the State Correctional Institution in Cresson, Pennsylvania, assaulted a corrections officer and a melee ensued. *See Commonwealth v. Fennell*, 186 WDA 2011 (Pa. Super. Mar. 19, 2012) (unpub. memo. at 1-2). Following a non-jury trial in June 2010, the trial court convicted Appellant of the above-mentioned crimes. The court then sentenced Appellant to the following concurrent terms of imprisonment: (1) aggravated assault – 40 to 80 months; (2) simple assault – 12 to 24 months; (3) assault by a prisoner – 45 to 90 months; (4) resisting arrest – 11 months and 29 days to 23 months and 29 days; and (5) REAP – 12 to 24 months. Appellant filed post-sentence motions, which were denied.

A panel of this Court affirmed the judgment of sentence in March of 2012,[3] and Appellant did not file a petition for allowance of appeal (PAA) with the Pennsylvania Supreme Court. Subsequently, he sought reinstatement of his right to file a PAA in a timely-filed PCRA petition, which the PCRA court granted. He then filed a *nunc pro tunc* PAA, and the Supreme Court denied that petition on August 14, 2013. *See Commonwealth v. Fennell*, 10 WAL 2013 (Pa. Aug. 14, 2013) (*per curiam* order). Appellant did not seek review with the United States Supreme Court. *See* U.S.Sup.Ct.R. 13.1.

On May 9, 2014, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition on August 13, 2014, alleging ineffective assistance of trial counsel. On July 27, 2015, following an evidentiary hearing, the PCRA court denied Appellant's petition. He then filed a timely notice of appeal, and on December 2, 2016, a panel of this Court affirmed the PCRA court's decision. *See Commonwealth v. Fennell*, 1280 WDA 2015 (Pa. Super. Dec. 2, 2016) (unpub. memo.). Appellant again filed

_____

[3] It should be noted the panel vacated Appellant's sentence for simple assault because the offense merged, for sentencing purposes, with his conviction of aggravated assault. *See Fennell*, 186 WDA 2011 (unpub. memo. at 12). The panel also vacated the sentence for Appellant's second count of aggravated assault, because at the trial court had improperly "imposed separate sentences upon Appellant for the same conduct based upon the conclusions that [he] violated two separate subsections of the aggravated assault statute[,] . . . which constitutes an illegal sentence." *Id.* at 12-13. The panel's decision did not disturb Appellant's aggregate sentencing scheme. *See id.* at 14 n.7. Therefore, it did not remand for resentencing. *Id.*

a timely PAA, which the Pennsylvania Supreme Court denied. ***See Commonwealth v. Fennell***, 4 WAL 2017 (Pa. July 6, 2017) (*per curiam* order).

On February 2, 2018, Appellant filed another *pro se* PCRA petition. The PCRA court appointed counsel, who filed a memorandum in support of the petition, which advanced some of Appellant's issues but discredited other ones. Appellant submitted a motion to proceed *pro se*, requesting a hearing to determine whether he properly waived his right to counsel pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998). The PCRA court did not address Appellant's motion, but subsequently denied his petition on March 5, 2019. Appellant filed an appeal, and on December 30, 2019, a panel of this Court vacated the PCRA court's determination and directed the court to conduct a ***Grazier*** hearing to determine whether Appellant wished to proceed *pro se* or if new counsel should be appointed to represent him. ***See Commonwealth v. Fennell***, 415 WDA 2019 (Pa. Super. Dec. 30, 2019) (unpub. memo.).[4]

On remand, the PCRA court conducted a ***Grazier*** hearing on January 17, 2020, and appointed Daniel L. Beyer, Esquire, to represent Appellant. However, on February 3, 2020, Appellant filed a *pro se* notice of appeal from

---

[4] It merits mention that the panel noted that the trial court's opinion failed to address the fact that Appellant's claims appeared to be "facially untimely." ***Fennell***, 415 WDA 2019 (unpub. memo. at 5 n.3).

the denial of his request for self-representation. On July 22, 2020, this Court quashed Appellant's *pro se* appeal as interlocutory. **See Commonwealth v. Fennell**, 185 WDA 2020 (Pa. Super. July 22, 2020) (*per curiam* order).

During this time, on February 24, 2020, the court ordered Attorney Beyer to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Following an extension of time, Attorney Beyer filed an untimely concise statement on June 8, 2020. Thereafter, Attorney Beyer filed a petition to withdraw as counsel, which was granted on September 29, 2020.

In October 2020, Appellant filed a motion to proceed *pro se* and the instant, *pro se* PCRA petition, alleging Attorney Beyer was ineffective for withdrawing from his case at the appellate level, but not advising him. **See** Motion for Post-Conviction Collateral Relief, 10/23/20, at 1-4. In December 2020, Timothy S. Burns, Esquire, was appointed to represent Appellant. Attorney Burns subsequently filed a petition to withdraw and a **Turner**/**Finley**[5] "no merit" letter. Counsel averred that Appellant's "claims which stem from his February 2, 2018 *pro-se* PCRA petition, were not timely filed[, and therefore, the court did] not have jurisdiction to entertain those claims." Timothy S. Burns' Petition to Withdraw as PCRA Counsel (with a **Turner**-**Finley** Letter), 3/22/21, at 4. On May 28, 2021, the PCRA court held

---

[5] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

a hearing on counsel's motion to withdraw. The court subsequently granted Attorney Burn's motion and dismissed Appellant's PCRA petition on August 9, 2021. The court found Appellant's petition did "not meet the timeliness requirements of the" PCRA. Opinion & Order, 8/9/21, at 4. Appellant filed a timely *pro se* notice of appeal.[6]

Appellant raises the following issues for our review:

I. Whether the trial court erred by dismissing [Appellant]'s petition for post-conviction relief as untimely in lieu of considering the merits of the issues raised therein, namely [Appellant]'s viable claim of ineffective counsel[?]

II. Whether the trial court erred by accepting a **Finley** letter from appointed counsel . . . despite the viable claim of ineffective counsel[?]

Appellant's Brief at vi (some capitalization omitted). Based on the nature of the claims, we will address them together.

We initially note Appellant's appellate brief is disjointed and difficult to follow at times. "[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." **Commonwealth v. Lyons**, 833 A.2d 245, 251-52 (Pa.

---

[6] Appellant complied with the PCRA court's directive to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. On September 9, 2021, the court issued a statement in lieu of a Pa.R.A.P. 1925(a) opinion, in which it relied on its August 9, 2021, opinion.

Super. 2003) (some citations omitted). We have done our best to decipher Appellant's arguments.

Appellant first contends the PCRA court erred in dismissing his PCRA petition as untimely filed. **See** Appellant's Brief at 1. Specifically, he states that when the Pennsylvania Supreme Court denied his *nunc pro tunc* PAA, of his judgment of sentence, on "September 5, 2013,"[7] he had 90 days from that date to file a timely writ of *certiorari* to the United States Supreme Court, which he did not do, and therefore, his judgment of sentence was final for timeliness purposes on "December 4, 2013" and he had until "December 4, 2014," to file a timely PCRA petition. **See id.** at 1-2. Appellant argues that when he filed his PCRA petition in 2014, he had only used "131 days" of the one-year time limit, and therefore, he was left "with 234 days in order to file a timely second PCRA petition." **Id.** at 2. He also states that when he filed his 2018 PCRA petition, he "lost zero days from the 234 remaining out of [his] 365 days pursuant to 42 Pa.C.S. § 9545(b)(1)[.]" **Id.** at 3. As a result,

---

[7]. Appellant incorrectly states that the Supreme Court denied his PAA on September 5, 2013. **See** Appellant's Brief at 1. We note that the PAA was denied on August 14, 2013. **See Fennell**, 10 WAL 2013. A review of the record reveals that September 5th was the date the Supreme Court's order was entered on the trial court's docket. As will be set forth below, we have applied the correct dates in our analysis. Moreover, even if we were to use the later date, Appellant's PCRA petition would still be considered untimely as it was filed well beyond the one-year time limit.

Appellant avers that Attorney Burns "erroneously determined that [his] amended PCRA petition was untimely[.]" ***See id.*** at 2.

Moreover, Appellant alleges Attorney Burns violated Pennsylvania Rule of Professional Conduct 3.3(a)(1)-(2)[8] when he erroneously stated at the May 28, 2021, motion to withdraw hearing that Appellant's judgment of sentence would become final "30 days" (and not the correct 90 days) after the Supreme Court denied his PAA, and used this misinformation to support the motion to withdraw. ***Id.*** at 4. Appellant further states Attorney Beyer was ineffective for filing an untimely Rule 1925(b) concise statement that raised frivolous issues and abandoned his own claims. ***See id.*** at 3. Appellant also alleges

---

[8] Rule 3.3 provides, in relevant part:

**(a)** A lawyer shall not knowingly:

**(1)** make a false statement of material fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer; [or]

**(2)** fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel . . . .

Pa.R.P.C. 3.3(a)(1)-(2).

Attorney Beyer failed to send him a copy of the motion to withdraw as pursuant to Pa.R.Crim.P. 120(B)(2)(a).[9] **See id.** at 5.

In his second argument, Appellant reiterates his claim that Attorney Beyer failed to send him a copy of the motion to withdraw, pursuant to Pa.R.Crim.P. 120(B)(2)(a). **See** Appellant's Brief at 6. He alleges it was "evident" that counsel never sent him "a copy of the brief nor a letter[,]" and "[i]f counsel had complied with the Rules, [he] would have elected to proceed [*pro se*]." **Id.** Lastly, Appellant claims his appeal rights were violated when counsel filed a **Turner**/**Finley** letter instead of an **Anders**[10] brief, and as a result, he was denied the right to appeal and proceed *pro se*. **Id.**

In reviewing an order denying a PCRA petition, our standard of review "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Sandusky**, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citation and internal quotation marks omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal

---

[9] Rule 120(B)(2)(a) provides that a "motion to withdraw shall be . . . filed with the clerk of courts, and a copy concurrently served on . . . the defendant[.]" Pa.R.Crim.P. 120(B)(2)(a).

[10] **See Anders v. California**, 386 U.S. 738 (1967). An **Anders** brief governs the withdrawal of counsel at the direct appeal stage.

conclusions." ***Commonwealth v. Mitchell***, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted).

Before we may address the merits of Appellant's argument, we must determine if this appeal is properly before us.

> The timeliness of a PCRA petition is a jurisdictional requisite. [T]he PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of the petition. In other words, Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. A judgment of sentence is final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review.

***Commonwealth v. Ballance***, 203 A.3d 1027, 1031 (Pa. Super. 2019) (citations, quotation marks, and emphasis omitted), *appeal denied*, 216 A.3d 1044 (Pa. 2019).

Here, Appellant's judgment of sentence was final on November 12, 2013, 90 days after the Pennsylvania Supreme Court denied his PAA and the time for filing a writ of *certiorari* with the United States Supreme Court expired. Therefore, he generally had until November 12, 2014, to file a timely PCRA petition. Appellant did not file the instant PCRA petition until October 2020, almost six years later, making it patently untimely.

Nevertheless, we may still consider an untimely petition if a petitioner: (1) alleges and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i) to (iii); and (2) files a petition raising the exception within one

year of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2). The three time-for-filing exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). It is the appellant's "burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa. 2008).

Here, the PCRA court found Appellant's petition was untimely and dismissed it. ***See*** Statement in Lieu of Opinion, 9/9/21, at 1. We discern no error in the court's determination. Appellant does not assert that the failure to raise his claims was the result of interference by government officials, that the facts upon which his claim were predicated were unknown to him and could not have been ascertained upon the exercise of due diligence, or that any constitutional rights have been recognized after his conviction became final and were held to have retroactive application. ***See*** 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

We observe that rather than asserting an exception to the timeliness requirement, Appellant asks this Court to review his prior untimely PCRA petition that challenged the effectiveness of PCRA counsel — both Attorneys Burns and Beyer.

> It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA. *See Commonwealth v. Pursell*, 749 A.2d 911, 915-16 (Pa. 2000) (holding a petitioner's claim in a second PCRA petition, that all prior counsel rendered ineffective assistance, did not invoke timeliness exception, as "government officials" did not include defense counsel); *see also Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785-86 (Pa. 2000) (finding that the "fact" that current counsel discovered prior PCRA counsel failed to develop issue of trial counsel's ineffectiveness was not after-discovered evidence exception to time-bar); *Commonwealth v. Lark*, 746 A.2d 585, 589 (Pa. 2000) (holding that allegation of ineffectiveness is not sufficient justification to overcome otherwise untimely PCRA claims).

*Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005).

We recognize that in *Commonwealth v. Peterson*, 192 A.3d 1123 (Pa. 2018), the Pennsylvania Supreme Court held that a claim of *per se* ineffectiveness of counsel can, in limited circumstances, satisfy the timeliness exception of Subsection 9545(b)(1)(ii). *See Peterson*, 192 A.3d at 1130. In that case, the defendant's attorney filed his first "PCRA petition one day late, thus precluding any merits or appellate review of [the defendant's] collateral claims." *Id.* at 1125. The Supreme Court "conclude[d] that counsel's negligence *per se* in filing an untimely PCRA petition constitute[d] adequate grounds to permit the filing of a new PCRA petition beyond the one-year time bar pursuant to the exception in subsection 9545(b)(1)(ii)." *Id. See also*

*Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007). The matter before us is distinguishable because, as will be discussed below, Appellant's allegations do not amount to an argument of complete abandonment by PCRA counsel or a complete foreclosure of collateral review.[11] We emphasize the PCRA petition at issue was Appellant's fourth attempt at appellate review.

First, while Appellant acknowledges that he had until 2014 to file a timely PCRA petition, *see* Appellant's Brief at 1-2, he also states he had only used "131 days" to file his prior petitions and had "234 days" remaining to file the present petition. *Id.* at 2-3. He contends that based on this calculation, Attorney Burns erroneously determined his petition was untimely. Appellant plainly misconstrues the one-year time limit, insofar as the one year is continuous and must be filed "**within** one year of the date the underlying judgment becomes final." *Ballance*, 203 A.3d at 1031. A defendant cannot start and stop the clock based on when they file their various petitions or as they so choose. Appellant's assertion has no merit since his PCRA petition

---

[11] We acknowledge that more recently, in *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), the Pennsylvania Supreme Court relinquished the Pa.R.Crim.P 907 approach to preservation of PCRA counsel's ineffectiveness claims and concluded: "[A] PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Id.* at 401 (footnote omitted). However, that case, unlike the instant matter, concerned a first, timely PCRA petition. *See id.* at 384.

was filed well beyond the one-year time limit and Attorney Burns correctly noted it was untimely.

Second, to the extent Appellant alleges Attorney Burns violated Rule of Professional Conduct 3.3 when he erroneously stated at the May 28, 2021, motion to withdraw hearing that Appellant's judgment of sentence became final "30 days" after the Supreme Court denied his PAA, *see* Appellant's Brief at 4, we find this argument unavailing. While Attorney Burns incorrectly stated 30 days, and not 90 days, that is a distinction without a difference. In both instances, Appellant's PCRA petition was still untimely as discussed above. Therefore, Appellant was not prejudiced by the misstatement.

Third, as for Appellant's assertion that Attorney Beyer was ineffective for filing an untimely Rule 1925(b) concise statement and failing to send him a copy of the motion to withdraw, and his appeal rights were violated when counsel filed a ***Turner***/***Finley*** letter instead of an ***Anders*** brief, *see* Appellant's Brief at 3-6, we find his argument is also without merit. Appellant's arguments concern Attorney Beyer's purported ineffectiveness as to another untimely PCRA petition, which was filed in February 2018. A prior panel of this Court indicated that Appellant's claims appeared to be "facially untimely" as it was filed over three years late. ***Fennell***, 415 WDA 2019 (unpub. memo. at 5 n.3). Notably, Appellant's arguments with respect to Attorney Beyer do not implicate a timeliness exception. Moreover, Attorney Beyer's compliance with ***Turner***/***Finley*** was the proper procedure as that the

- 14 -

case law pertains to PCRA petitions. ***See Commonwealth v. Bishop***, 435 Pa. Super. 211, 645 A.2d 274, 275 (Pa. Super. 1994). Accordingly, we conclude the PCRA court properly found Appellant's petition was untimely filed and he was not entitled to any relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/5/2022